**Daryl Ford VALENZUELA,**
**Plaintiff-Appellant,**

v.

**KRAFT, INC., Defendant-Appellee.**

No. 83–6052.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 1984.

Decided July 31, 1984.

Cecil E. Ricks, Jr., Anaheim, Cal., for plaintiff-appellant.

John W. Prager, Newport Beach, Cal., for defendant-appellee.

**CANBY, Circuit Judge:**

■ In this appeal, we must resolve whether federal courts have exclusive jurisdiction over suits brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e—2000e-17 (1976, Supp. II 1978 & Supp. IV 1980). No federal circuit courts have decided the issue. The state courts and federal district courts that have considered the question have reached conflicting decisions.[1] We hold that the federal courts possess exclusive jurisdiction over Title VII actions.

## DISCUSSION

Daryl Valenzuela filed a Title VII sex-discrimination action against Kraft, Inc., in a California state court. Kraft removed the case to federal court under 28 U.S.C. § 1441 (1982). After removal, the federal district court dismissed Valenzuela's action for lack of jurisdiction. The district court ruled that the California court did not have subject matter jurisdiction over a Title VII claim; therefore, the doctrine of *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922), prevented the federal district court from exercising removal jurisdiction.

*Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 478, 101 S.Ct. 2870, 2875, 69 L.Ed.2d 784 (1981), provides the framework in which analysis of the jurisdictional question must proceed:

> In considering the propriety of state-court jurisdiction over any particular fed-

eral claim, [a court should] begin[ ] with the presumption that state courts enjoy concurrent jurisdiction.... [T]he presumption of concurrent jurisdiction can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests.

*Accord Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 508, 82 S.Ct. 519, 523, 7 L.Ed.2d 483 (1962).

The provision in Title VII which grants federal courts jurisdiction does not expressly state that federal jurisdiction shall be exclusive.. Section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3) (1976), provides only that "[e]ach United States district court ... shall have jurisdiction of actions brought under this subchapter." Standing by itself, that provision grants federal courts jurisdiction but does not exclude the possibility of concurrent state-court jurisdiction.

Other provisions of Title VII, however, do contain the requisite "unmistakable implication" of exclusive federal jurisdiction. Section 706(j), 42 U.S.C. § 2000e-5(j) (1976), provides that *"[a]ny civil action* brought under this section ... *shall be* subject to appeal as provided in sections 1291 and 1292, Title 28." (Emphasis added.) Sections 1291 and 1292 of Title 28 govern the jurisdiction of United States Courts of Appeal. Congress could not have intended that actions brought in state court be appealed to the federal circuit courts. Thus section 706(i) unmistakably implies that Congress intended to vest exclusive jurisdiction in the federal courts.

Section 706(f)(2), 42 U.S.C. § 2000e-5(f)(2) (1976), provides that "[a]ny temporary restraining order or other order grant-

---

1. *Compare Salem v. La Salle High School,* 31 Fair Emp.Prac.Cas. 10 (C.D.Cal.1983) (concurrent jurisdiction), *Greene v. County. Bd.,* 524 F.Supp. 43 (E.D.Va.1981) (same), *Peterson v. Eastern Airlines, Inc.,* 20 Fair Empl.Prac.Cas. 1322 (W.D.Tex.1979) (same), *Bennun v. Bd. of Governors,* 413 F.Supp. 1274 (D.N.J.1976) (same), *and Peper v. Princeton University Bd. of Trustees,* 77 N.J. 55, 389 A.2d 465 (1978) (same),

*with McCloud v. Nat'l R.R. Passenger Corp.,* 25 Fair Empl.Prac.Cas. 513 (D.D.C.1981) (exclusive jurisdiction), *Dickinson v. Chrysler Corp.,* 456 F.Supp. 43 (E.D.Mich.1978) (same), *Lucas v. Tanning Bros. Contracting Co.,* 10 Fair Empl. Prac.Cas. 1104 (Ariz.Super.Ct.1974) (same), *Bowers v. Woodward & Lothrop,* 280 A.2d 772 (D.C.1971) (same), *and Fox v. Eaton Corp.,* 48 Ohio St.2d 236, 358 N.E.2d 536 (1976) (same).

ing preliminary or temporary relief shall be issued in accordance with rule 65 of the Federal Rules of Civil Procedure." Section 706(f)(2) further provides that "[i]t shall be the duty of a court having jurisdiction over proceedings under this section to assign cases for hearing at the earliest practicable date and to cause such cases to be in every way expedited." Whether Congress has the constitutional power to require state courts to follow Fed.R.Civ.P. 65 and to expedite certain cases is a matter of some doubt. P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *Hart and Wechsler's The Federal Courts and the Federal System* 571–72 (2d ed.1973). In any event, we do not believe that Congress attempted in Title VII to regulate the procedures and priorities of the state courts. Therefore, section 706(f)(2) also unmistakably implies that Congress intended exclusive federal jurisdiction.

The legislative history supports exclusive federal jurisdiction. As the court in *Dickinson v. Chrysler Corp.*, 456 F.Supp. 43, 46 (E.D.Mich.1978), observed, "[i]t is significant to note that when reference was made by members of Congress to bringing actions in court, the references were to *federal court.*" (Emphasis retained.) The 1963 House Report states that section 706(f)(3) "provides that the *district courts of the United States* ... are given jurisdiction of actions brought under this title." H.Rep. No. 914, 88th Cong., 1st Sess. 29 (1963) (emphasis added), *reprinted in* 1964 U.S.Code Cong. & Ad.News 2355, 2391, 2405; *accord* H.Rep. No. 238, 92d Cong., 1st Sess. 11 (1971), *reprinted in* 1972 U.S. Code Cong. & Ad.News 2137, 2147. Although not determinative, the absence of reference to the state courts combined with Congress's affirmative references to the federal courts suggests an intent to make federal jurisdiction exclusive.

Supreme Court precedent also supports exclusive federal jurisdiction. In *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974), the Court enumerated the forums available to a victim of discrimination under Title VII. The Court named the Equal Employment Opportunity Commission, state and local agencies, and the federal courts. Significantly the Supreme Court made no mention of state courts. In *Lehman v. Nakshian*, 453 U.S. 156, 164 n. 12, 101 S.Ct. 2698, 2703 n. 12, 69 L.Ed.2d 548 (1981), the Court stated that exclusive federal jurisdiction in suits brought under section 15 of the Age Discrimination in Employment Act, 29 U.S.C. § 633a (1982), "is consistent with the jurisdictional references in Title VII of the Civil Rights Act of 1964."

In summary, sections 706(j) and 706(f)(2) unmistakably imply that Congress intended to accord the federal courts exclusive jurisdiction over Title VII actions. The legislative history and Supreme Court precedent confirm that conclusion. We therefore hold that Title VII actions must be brought exclusively in federal courts. The decision below is AFFIRMED.[2]

---

**2.** Valenzuela urges that if we find jurisdiction to be exclusively federal, we make the ruling prospective because, in view of the conflicting precedent, *see supra* note 1, she could not have been expected to know whether jurisdiction was exclusive. Because our ruling is one of jurisdiction, we lack the authority to limit our holding to prospective applications. Nor can any ques-

tion of equitable tolling be addressed here, since no federal complaint has been filed at this time. *Cf. Fox v. Eaton Corp.*, 615 F.2d 716, 719–20 (5th Cir.1980) (equitably tolling the 90–day limitation period in § 706(f)(1) where federal complaint had been filed), *cert. denied*, 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981).