**Richard DYER, Plaintiff-Appellant,**

v.

**GREIF BROTHERS, INC., Defendant-Appellee.**

No. 83–6309.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 1985.

Decided March 22, 1985.

Philip S. Kaufman, Los Angeles, Cal., for plaintiff-appellant.

David T. Stowell, Kinsella, Boesch, Fujikawa & Towle, Los Angeles, Cal., for defendant-appellee.

Before SNEED, POOLE and FERGUSON, Circuit Judges.

POOLE, Circuit Judge:

Appellant Richard Dyer appeals from the dismissal with prejudice of his employment discrimination action by the district court. Because we conclude that the district court lacked jurisdiction over the cause, we vacate the dismissal, remand this case to district court, and direct the district court to remand the entire case to the state court from which it was removed.

On December 3, 1981, Dyer brought suit *in propria persona* in the Superior Court of the State of California against Greif Brothers for employment discrimination. Dyer subsequently retained counsel, who filed an amended complaint on January 19, 1983. Dyer asserted that he had been discriminated against on account of race and national origin (Estonia), asserting violations of Title VII, 42 U.S.C. § 2000e *et seq.*, and Cal.Govt. Code § 12940. His complaint also contained claims of wrongful termination and breach of employment contract under California law. Dyer conducted no discovery between the date his action was filed and February 24, 1983 when his action was removed to Federal District Court. The district judge ordered discovery closed by July 25, 1983, and set a Pretrial Conference for September 12, 1983. Dyer conducted no discovery during the four months prior to expiration of the discovery cut-off date. Nor did he file documents for the Pretrial Conference such as a fact and witness list and proposed findings of fact and conclusions of law, as required by Local Rule 9 of the Central District of California.

Dyer's counsel failed to appear at the September Pretrial Conference. Thereafter, on September 19, 1983, the district judge, citing "a pattern of noncompliance with the local rules," dismissed Dyer's case with prejudice pursuant to Fed.R.Civ.P. 41(b). Four days later, Dyer's counsel filed a motion to vacate dismissal pursuant to Fed.R.Civ.P. 60(b)(1), claiming that he had "miscalendared" the Pretrial Conference date as December 12, 1983, and asserting his good faith belief that the various documents due under the Local Rules were not required until October and November.

The court heard and denied the Rule 60(b) motion on October 17, 1983, and Dyer

filed a notice of appeal the next day. Dyer's notice of appeal was timely filed.[1]

■ We raised the issue of the district court's jurisdiction *sua sponte* and asked the parties for comment. Greif Brothers removed Dyer's case from state court to federal court. But the jurisdiction of a federal court on removal is derivative in nature. *Minnesota v. United States*, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939). If the state court in which a case is first filed lacks subject matter jurisdiction, the federal court to which the case is removed also lacks jurisdiction. *Lambert Run Coal Co. v. Baltimore and Ohio Railroad Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). This is so even if the action might have been originally brought in federal court. *Id.; McClellan v. Kimball*, 623 F.2d 83, 86 (9th Cir. 1980). *Although cf., Salveson v. Western States Bankcard Assn.*, 731 F.2d 1423, 1431 (9th Cir.1984) (derivative jurisdiction doctrine not applied where an artfully pleaded federal claim was barred by *res judicata* because previously adjudicated in the federal forum).

■ Our circuit recently held that jurisdiction over Title VII actions lies exclusively in the federal courts. In *Valenzuela v. Kraft, Inc.*, 739 F.2d 434 (9th Cir.1984), we affirmed a district court's dismissal for lack of jurisdiction of a Title VII action which had been filed in California state court and then removed to federal court. In the present case, Dyer asserted a Title VII claim as well as state claims in his state court complaint. The basis of removal to federal court was allegedly that the Title VII claim involved federal question jurisdiction. According to *Valenzuela*, the state court lacked subject matter jurisdiction over Dyer's Title VII claim. As a result, the removal of Dyer's case to feder-

al district court did not confer derivative subject matter jurisdiction on the removal court.

We are mindful of the apparent paradox created by the derivative jurisdiction doctrine in a case such as this. The leading case in this circuit contains this wry commentary:

> This is the kind of legal *tour de force* that most laymen cannot understand, particularly in a case where the federal court not only has subject matter jurisdiction, but has exclusive subject matter jurisdiction. One would have thought that the purpose of removal in such a case is to get the case out of the court that lacks jurisdiction to hear it and into the court that has jurisdiction, and to keep it in the latter court, so that it can be tried and a valid judgement can be entered.

*State of Washington v. American League of Professional Baseball Clubs*, 460 F.2d 654, 658–59 (9th Cir.1972). Nevertheless, since *Valenzuela* is the current law of this circuit by which we are bound, we conclude that the district court lacked jurisdiction to entertain the present case.

Accordingly, the judgment of the district court is vacated. We remand to the district court with direction to remand all claims to the state court from which they were improvidently removed. *Aminoil U.S.A., Inc. v. California State Water Resources Control Board*, 674 F.2d 1227, 1237 (9th Cir.1982); *State of Washington v. American League of Professional Baseball Clubs*, 460 F.2d 654, 661 (9th Cir.1972). While the state court is without jurisdiction to determine Dyer's Title VII claim, we express no opinion as to the disposition of his state claims, nor whether he may yet hereafter invoke the original jurisdiction of

---

**1.** Dyer's counsel continued his dilatory conduct on this appeal. On September 18, 1984, a motions panel denied Greif Brothers' motion to dismiss the appeal for lack of prosecution, but directed Dyer's counsel to show cause why he should not be required to personally pay Greif Brothers' costs of filing the motion. Dyer's counsel failed to respond to this Order, and Greif Brothers' filed another motion for costs.

Lack of diligence in prosecuting the appeal before us, such as was exhibited by Dyer's counsel, would ordinarily call for sanctions. After careful consideration, however, we conclude that since we have vacated the district court's sanction of dismissal for lack of jurisdiction, we also vacate our previous order to show cause. Consequently, we dismiss Greif Brothers' motion for costs and fees on appeal.

the federal district court as to his exclusively federal claim.

Judgment VACATED; case REMANDED.