**Richard DYER, Plaintiff-Appellant,**

v.

**GREIF BROTHERS, INC.,**
**Defendant-Appellee.**

**No. 83–6309.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 1985.

Decided March 22, 1985.

As Amended on Denial of Rehearing
July 15, 1985.

Philip S. Kaufman, Los Angeles, Cal., for plaintiff-appellant.

David T. Stowell, Kinsella, Boesch, Fujikawa & Towle, Los Angeles, Cal., for defendant-appellee.

Before SNEED, POOLE and FERGUSON, Circuit Judges.

POOLE, Circuit Judge:

Appellant Richard Dyer appeals from the dismissal with prejudice of his employment

discrimination action by the district court. Because we conclude that the district court lacked jurisdiction over the cause, we vacate the dismissal, remand this case to district court, and direct the district court to remand the entire case to the state court from which it was removed.

On December 3, 1981, Dyer brought suit *in propria persona* in the Superior Court of the State of California against Greif Brothers for employment discrimination. Dyer subsequently retained counsel, who filed an amended complaint on January 19, 1983. Dyer asserted that he had been discriminated against on account of race and national origin (Estonia), asserting violations of Title VII, 42 U.S.C. § 2000e *et seq.*, and Cal.Govt. Code § 12940. His complaint also contained claims of wrongful termination and breach of employment contract under California law. Dyer conducted no discovery between the date his action was filed and February 24, 1983 when his action was removed to Federal District Court. The district judge ordered discovery closed by July 25, 1983, and set a Pretrial Conference for September 12, 1983. Dyer conducted no discovery during the four months prior to expiration of the discovery cut-off date. Nor did he file documents for the Pretrial Conference such as a fact and witness list and proposed findings of fact and conclusions of law, as required by Local Rule 9 of the Central District of California.

Dyer's counsel failed to appear at the September Pretrial Conference. Thereafter, on September 19, 1983, the district judge, citing "a pattern of noncompliance with the local rules," dismissed Dyer's case with prejudice pursuant to Fed.R.Civ.P. 41(b). Four days later, Dyer's counsel filed a motion to vacate dismissal pursuant to Fed.R.Civ.P. 60(b)(1), claiming that he had "miscalendared" the Pretrial Conference date as December 12, 1983, and asserting his good faith belief that the various documents due under the Local Rules were not required until October and November.

The court heard and denied the Rule 60(b) motion on October 17, 1983, and Dyer filed a notice of appeal the next day. Dyer's notice of appeal was timely filed.[1]

■ We raised the issue of the district court's jurisdiction *sua sponte* and asked the parties for comment. Greif Brothers removed Dyer's case from state court to federal court. But the jurisdiction of a federal court on removal is derivative in nature. *Minnesota v. United States*, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939). If the state court in which a case is first filed lacks subject matter jurisdiction, the federal court to which the case is removed also lacks jurisdiction. *Lambert Run Coal Co. v. Baltimore and Ohio Railroad Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). This is so even if the action might have been originally brought in federal court. *Id.*; *McClellan v. Kimball*, 623 F.2d 83, 86 (9th Cir. 1980). *Although cf., Salveson v. Western States Bankcard Assn.*, 731 F.2d 1423, 1431 (9th Cir.1984) (derivative jurisdiction doctrine not applied where an artfully pleaded federal claim was barred by *res judicata* because previously adjudicated in the federal forum).

■ Our circuit recently held that jurisdiction over Title VII actions lies exclusively in the federal courts. In *Valenzuela v. Kraft, Inc.*, 739 F.2d 434 (9th Cir.1984), we affirmed a district court's dismissal for lack of jurisdiction of a Title VII action which had been filed in California state court and then removed to federal court.

---

**1.** Dyer's counsel continued his dilatory conduct on this appeal. On September 18, 1984, a motions panel denied Greif Brothers' motion to dismiss the appeal for lack of prosecution, but directed Dyer's counsel to show cause why he should not be required to personally pay Greif Brothers' costs of filing the motion. Dyer's counsel failed to respond to this Order, and Greif Brothers' filed another motion for costs.

Lack of diligence in prosecuting the appeal before us, such as was exhibited by Dyer's counsel, would ordinarily call for sanctions. After careful consideration, however, we conclude that since we have vacated the district court's sanction of dismissal for lack of jurisdiction, we also vacate our previous order to show cause. Consequently, we dismiss Greif Brothers' motion for costs and fees on appeal.

In the present case, Dyer asserted a Title VII claim as well as state claims in his state court complaint. The basis of removal to federal court was allegedly that the Title VII claim involved federal question jurisdiction. According to *Valenzuela,* the state court lacked subject matter jurisdiction over Dyer's Title VII claim. As a result, the removal of Dyer's case to federal district court did not confer derivative subject matter jurisdiction on the removal court.

We are mindful of the apparent paradox created by the derivative jurisdiction doctrine in a case such as this. The leading case in this circuit contains this wry commentary:

> This is the kind of legal *tour de force* that most laymen cannot understand, particularly in a case where the federal court not only has subject matter jurisdiction, but has exclusive subject matter jurisdiction. One would have thought that the purpose of removal in such a case is to get the case out of the court that lacks jurisdiction to hear it and into the court that has jurisdiction, and to keep it in the latter court, so that it can be tried and a valid judgement can be entered.

*State of Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654, 658–59 (9th Cir.1972). Nevertheless, the Supreme Court recently approved of the derivative jurisdiction doctrine in *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In discussing the removal of a claim within the scope of ERISA, the Court declared that

> precedent involving other statutes granting exclusive jurisdiction to the federal courts suggests that, if such an action were not within the class of cases over which state and federal courts have concurrent jurisdiction, the proper course for a federal district court to take after removal would be to dismiss the case altogether, without reaching the merits.

*Id.* at 24 n. 27, 103 S.Ct. at 2854 n. 27. Since *Valenzuela* is the current law of this

circuit by which we are bound, we conclude that the district court lacked jurisdiction to entertain the present case.

*Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972) does not mandate a contrary result. In *Grubbs,* General Electric had sued Grubbs on a promissory note in state court. One of the cross-actions Grubbs filed named the United States as a defendant. The United States removed the case to federal district court, whose trial on the merits resulted in a judgment in Grubbs' favor. On appeal, however, the Fifth Circuit held that the sole basis for federal court jurisdiction, removal under 28 U.S.C. § 1444, had been undermined because the government had been frivolously joined in order to create that jurisdiction. Hence, the district court had been without jurisdiction. 447 F.2d 286 at 290 (1971).

The Supreme Court reversed and remanded the case to the circuit court for consideration of the merits of the appeal, stating that

> where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.

405 U.S. at 702, 92 S.Ct. at 1347. The Supreme Court emphasized that none of the parties in *Grubbs* ever objected to the district court's taking jurisdiction of the entire action. *Grubbs* is thus based on considerations of judicial economy—the parties waived objections to removal once they allowed the case to proceed to trial on the merits.

■ Removal was improper in both *Grubbs* and *Dyer,* but for different reasons. In *Grubbs,* removal under § 1444 was improper because the government had been frivolously joined. However, by failing to object to that joinder, the parties waived their right to attack removal on that basis after trial on the merits. This case could not be removed because under

*Valenzuela,* the state court lacked subject matter jurisdiction over Dyer's Title VII claims, and under *Lambert Run,* the district court could derive no subject matter jurisdiction from a forum which had none. Absence of subject matter jurisdiction of a federal court cannot be waived and may be raised at any time. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1065 (9th Cir.1979).

There is an additional reason why *Grubbs* is inapposite here. It is indeed true that there would have been original jurisdiction in federal court over Dyer's Title VII claim if it had been brought there instead of state court. But unlike *Grubbs,* in *Dyer* there was no trial on the merits in federal court—the district judge dismissed Dyer's lawsuit for failure to comply with Local Rules. *Grubbs* applies to cases where the merits are reached and determined on summary judgment, *Stone v. Stone,* 632 F.2d 740, 742 (9th Cir.1980), *cert. denied,* 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981). But *Grubbs* does not govern cases where the merits have not been reached, for example, where only partial summary judgment is granted. *Libhart,* 592 F.2d at 1066. The concern for judicial economy in *Grubbs* is less compelling here, where the district court dismissed Dyer's lawsuit at an early stage, prior to trial on the merits.

Accordingly, the judgment of the district court is vacated. We remand to the district court with direction to remand all claims to the state court from which they were improvidently removed. *Aminoil U.S.A., Inc. v. California State Water Resources Control Board,* 674 F.2d 1227, 1237 (9th Cir.1982); *State of Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654, 661 (9th Cir.1972). While the state court is without jurisdiction to determine Dyer's Title VII claim, we express no opinion as to the disposition of his state claims, nor whether he may yet hereafter invoke the original jurisdiction of the federal district court as to his exclusively federal claim.

Judgment VACATED; case REMANDED.