IT IS HEREBY ORDERED that defendant's motion to dismiss be and is GRANTED; and

IT IS FURTHER ORDERED that the above-styled action be and is DISMISSED for lack of subject matter jurisdiction.

**Robert C. WURDEMAN, Plaintiff,**

**v.**

**William H. MILLER, Jr., individually and as Chairman of The Philatelic Foundation, an unincorporated association, Defendant.**

**No. 85–Civ–9085 (RWS).**

United States District Court, S.D. New York.

April 3, 1986.

The Jacob D. Fuchsberg Law Firm, New York City, for plaintiff; Allan Fuchsberg, of counsel.

Thomas J. Bonner, P.C., New York City, for defendant; Thomas J. Bonner, of counsel.

SWEET, District Judge.

This action was commenced by Robert C. Wurdeman ("Wurdeman") in the Supreme

Court of the State of New York, County of New York, by service of an order to show cause and summons and complaint seeking replevin of 79 stamps which had been submitted by him to the Philatelic Foundation (the "Foundation") for certification. The order to show cause was made returnable, after one adjournment, to November 20, 1985. One day before the scheduled hearing in state court, the Foundation filed a petition removing the action to federal court where it was assigned as a matter related to a pending federal civil action previously brought by the Foundation against Wurdeman and several others.

Wurdeman has now brought a motion for an order pursuant to 28 U.S.C. § 1447(c) remanding this action to state court on the ground that it was improperly removed and for the payment of costs and attorney's fees. For the reasons set forth below, Wurdeman's motions will be granted.

**Discussion**

■ In its petition for removal, the Foundation asserted that this court had original jurisdiction due to diversity of citizenship, 28 U.S.C. § 1332, and, therefore, removal was appropriate under 28 U.S.C. § 1441(a). Both parties concede that diversity exists between the parties since Wurdeman is a citizen of California and the Foundation is a New York corporation. The citizenship of the other defendant, William M. Miller, Jr., Chairman of the Foundation, has not been demonstrated, but in any event, no party asserts that he is a citizen of California which would destroy complete diversity. However, as Wurdeman convincingly demonstrates, the Foundation apparently overlooked 28 U.S.C. 1441(b) which provides that a diversity action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Since at least one of the defendants is a citizen of this state, this action could not properly be removed on the basis of diversity.

Having conceded that this case may not be removed as a matter of diversity juris-

diction, the Foundation now asserts in opposition to the motion to remand that Wurdeman's action for replevin necessarily involves a question of federal law. As explained in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983), "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

Wurdeman's action for replevin was brought pursuant to Section 7101 of the New York C.P.L.R. which provides a cause of action to "try the right to possession of a chattel." If Wurdeman's right to possession of the stamps necessarily raises an issue of federal law, then this case would satisfy the well-pleaded complaint rule enunciated in *Franchise Tax Board, supra*, and both original and removal jurisdiction would attach to this action. The Foundation asserts that the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*, is dispositive of whether Wurdeman is the rightful owner of the stamps and, therefore federal law will necessarily determine the plaintiff's right to relief.

By reference to its own RICO action pending against Wurdeman in this court, the Foundation alleges that Wurdeman acquired the 79 stamps through unlawful criminal conduct. The Foundation therefore asserts that the relevant provisions of RICO will determine whether or not Wurdeman is the lawful owner of these particular stamps.

RICO provides a private cause of action under § 1964(c) for any person injured by reason of a violation of § 1962 and allows the recovery of treble damages, costs and attorneys' fees. While this section provides relief to an injured plaintiff, it speaks in terms of money damages and does not contemplate an award for possession of a

particular chattel. The Foundation cites § 1964(a) as authority for the proposition that, in a private civil action, a court may enter appropriate injunctive relief to resolve the dispute regarding the lawful possession of the 79 stamps. Section 1964(a) states that:

> The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 ... by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise....

Section 1964(a) does not provide any rule of law pertinent to an action for replevin. Initially, it should be noted that there is considerable doubt whether the equitable remedies set forth in this section may be invoked in a private civil action. *See Sedima S.P.R.L. v. Imrex Co., Inc.*, 741 F.2d 482, 489–90 (2d Cir.1984), *rev'd on other grounds*, 473 U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); *Trane Co. v. O'Connor Securities*, 718 F.2d 26, 28 (2d Cir.1983). Even were such relief available in a private suit, however, § 1964(a) restricts equitable remedies to situations where it is necessary "to prevent and restrain violations of section 1962." In this case, there has been no showing of any continuing illegal activity. By virtue of the discovery of Wurdeman's illegal activity and his criminal prosecution, it is apparent that any RICO enterprise involving stamps submitted to the Foundation by Wurdeman has now been terminated. Therefore, § 1964(a) does not provide any basis for granting or denying the specific relief contemplated by this action for replevin.

█ In an action for replevin, "the issue is strictly whether plaintiff or defendant has the superior possessory right." *Honeywell Information Systems, Inc. v. Demographic Systems, Inc.*, 396 F.Supp. 273, 275 (S.D.N.Y.1975). As discussed above, no provision of RICO alters the possessory rights of either the plaintiff or defendant after the alleged RICO violations have been terminated. Therefore, as it raises no question of federal law, Wurdeman's claim for replevin does not lie within the original federal question jurisdiction of this court.

Having found no basis for the removal of this action to federal court, this case will be remanded to the New York Supreme Court, County of New York. Moreover, it is apparent that the petition for removal was filed without reasonable inquiry as to whether it was well grounded in fact or in law. *See Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir.1985). The initial petition was filed in utter disregard of the plain language of 28 U.S.C. § 1441(b) and counsel's invocation of federal law in response to the motion to remand was both meritless and no more than an after thought. Rule 11 sanctions are therefore appropriate.

Wurdeman's motion to remand is granted. Sanctions against the Foundation will be awarded in the amount of reasonable attorney's fees in preparing the motion to remand, and costs and disbursements will be granted. Wurdeman's counsel is directed to submit an appropriate application supported by necessary documentation.

**IT IS SO ORDERED.**