**SUN REFINING & MARKETING COMPANY, INC., Landlord,**

v.

**Dominick D'ARPINO, Tenant.**

**No. 86 Civ. 5984 (RLC).**

United States District Court,
S.D. New York.

Dec. 8, 1986.

Newman Schlau Fitch & Burns, P.C., New York City, for Landlord; Carole A. Burns, of counsel.

Arnold P. Azarow, Westbury, N.Y., for Tenant.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff Sun Refining Marketing Company, Inc. ("Sun") moves to remand this action pursuant to 28 U.S.C. § 1447(c)[1] to the Village Justice Court of Ossining, County of Westchester, on the grounds that the case was improperly removed and is not within the jurisdiction of this court. In addition, Sun moves for attorneys' fees on the grounds that the removal petition filed by defendant Dominick D'Arpino ("D'Arpi-

no") falls short of the standard of conduct mandated by Rule 11, F.R.Civ.P.

## BACKGROUND

The parties' relationship, which goes back some twenty years, was until recently governed by a series of franchise agreements under which D'Arpino, as franchisee, operated a gasoline service station in Ossining, New York. The most recent franchise agreement (the "Franchise Agreement"), which, like the previous ones, covered gasoline supply contracts, leases on the service station property, credit card agreements, and related items, was entered into on March 4, 1985 for a three year term starting (retroactively) on January 4, 1985.

 Early in the term of the Franchise Agreement, relations began to sour. On March 21, 1986, Sun unilaterally cancelled the Franchise Agreement, citing, among other things, D'Arpino's failure to purchase Sun products and failure to pay rent for the months of February and March, 1986. Before the cancellation became effective under the terms of Sun's letter, however, the parties on May 5, 1986, entered into a Mutual Cancellation Agreement ("Cancellation Agreement"), under which the Franchise Agreement was mutually rescinded as of May 31, 1986.

On July 7, 1986, Sun brought this action to recover the service station property in the Village Justice Court of Ossining under Article 7 of New York's Real Property Actions and Proceedings Law. Sun based its action on D'Arpino's failure to pay any rent on the property. In addition, Sun noted that the parties had previously been bound by the Franchise Agreement and mentioned that it had been terminated on account of the unpaid rent, as well as D'Arpino's failure to promote Sun products and his tendency to bounce checks. The petition noted that the Franchise Agreement had been mutually rescinded.

---

1. That section provides that:
 If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

On August 1, 1986, D'Arpino filed this removal petition, asserting federal jurisdiction pursuant to 15 U.S.C. § 2801, *et seq.*, the Petroleum Marketing Practices Act ("PMPA"). Petition for Removal at ¶ 11. In his supporting papers, D'Arpino argues that Sun's claim for eviction is really a claim under the PMPA, which covers all aspects of the franchise relationship between gasoline companies and service station owners, including lease agreements. *See* Memorandum of Law at 5–7. D'Arpino argues exclusive federal jurisdiction over PMPA actions. *Id.* at 5. In response, Sun argues that because the franchise relationship between the parties had been mutually rescinded five weeks before it filed its eviction action, its claim cannot be based on the PMPA. Reply Memorandum of Law at 1.

## DISCUSSION

Normally, removal based on federal question jurisdiction is only appropriate if a federal cause of action appears on the face of the complaint. It is true, however, as D'Arpino argues, that "in certain limited circumstances a plaintiff may not defeat removal by clothing a federal claim in state garb, or, as it is said, by use of 'artful pleading.'" *Travelers Indemnity Co. v. Sarkisian*, 794 F.2d 754, 758 (2d Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986). The "classic application" of the artful pleading doctrine occurs when a federal statute preempts state law. *Id.*

D'Arpino argues that this is such a classic case. The PMPA, however, "preempts only state statutes as to grounds for, procedures for, and notification requirements with respect to termination or non-renewal [of petroleum franchises]." *Bellmore v. Mobil Oil Corp.*, 783 F.2d 300, 304 (2d Cir.1986).

Here, since there was no franchise agreement—because of the parties *mutual rescission* of their franchise relationship—it is difficult to see how the PMPA could preempt New York law. Indeed, as Sun points out, it is a logical absurdity to suggest, as D'Arpino does, that Sun could bring its claim on the basis of a franchise arrangement that no longer exists.

■ Needless to say, the fact that D'Arpino may have a defense based on the PMPA is irrelevant to a determination of the court's removal jurisdiction. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). Equally irrelevant is the fact that before D'Arpino agreed to the mutual cancellation, he might have been able to bring an action under the PMPA challenging Sun's March 21, 1986, unilateral cancellation of the Franchise Agreement. As matters now stand, any arguments that D'Arpino wishes to raise with respect to the PMPA will have to be made in the Village Court of Ossining, where the court may exercise concurrent jurisdiction over the PMPA. *See Ted's Tire Service, Inc. v. Chevron USA, Inc.*, 470 F.Supp. 163, 165 (D.Conn.1979).

Accordingly, this litigation is remanded to the Village Justice Court of Ossining, County of Westchester.

## Rule 11

■ As noted at the outset, Sun also moves for its attorneys' fees under Rule 11, F.R.Civ.P.[2] Under that rule an objective standard governs the attorney's "affirmative duty ... to conduct a reasonable inquiry with respect to the facts and the law of every paper filed in court." *Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff*, 638 F.Supp. 714, 726 (S.D.N.Y.

---

**2.** Rule 11 provides in pertinent part as follows: The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Rule 11, F.R.Civ.P.

1986) (Carter, J.) (citation omitted). As the Second Circuit has warned, "subjective good faith no longer provides the safe harbor it once did." *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 253 (2d Cir.1985).

It is hard to see how a reasonable attorney could have filed a petition for removal on the basis of a franchise agreement that ceased to exist five weeks before the litigation began. There is no question but that counsel for D'Arpino knew of the Cancellation Agreement, since D'Arpino's removal petition itself makes note of its existence. *See* Petition for Removal at ¶ 13. With the Cancellation Agreement in hand, the most cursory analysis of the relevant statute and court decisions would have made *"patently clear* that [D'Arpino's] claim ha[d] absolutely no chance of success under the existing precedents." *Eastway Construction Corp. v. City of New York, supra,* 762 F.2d at 254 (emphasis supplied).

The "principal purpose of the 1983 amendment to Rule 11 was to deter spurious claims." *Fuji Photo Film U.S.A., Inc. v. Aero Mayflower Transit Co.,* 112 F.R.D. 664, 666 (S.D.N.Y.1986) (Carter, J.). That purpose is manifestly served by sanctioning attorneys for bringing suits in federal court that clearly have no business here. *See Wurdeman v. Miller,* 633 F.Supp. 20, 22 (S.D.N.Y.1986) (Sweet, J.) (sanctioning attorney for filing spurious removal petition). This action should be litigated in state court, where plaintiff originally filed suit. Defendant's attempt to bring it in this court was made "in utter disregard of the plain language" of statute and case law, *id.,* and will not be condoned.

Accordingly, Sun is to submit to the court in due course a sworn, itemized statement with supporting data regarding attorneys' fees it incurred in bringing its motion for removal. Counsel for D'Arpino may file papers in opposition.

Plaintiff is to recover its costs.

IT IS SO ORDERED.