**Ala E. RUSTOM, Plaintiff,**

v.

**ATLANTIC RICHFIELD COMPANY, etc., et al., Defendants.**

**No. CV 85–4499 AWT.**

United States District Court, C.D. California.

Sept. 4, 1985.

John J. Schimmenti, Schimmenti, Mullins & Berberian, El Segundo, Cal., for plaintiff.

Jerald E. Gale & Stephen B. Maseda, Los Angeles, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

TASHIMA, District Judge.

This action was commenced in state court in 1981. A Second Amended Complaint was filed in June, 1985 and the removal petition was filed within 30 days after it was received by the petitioner defendants. 28 U.S.C. § 1446(b). The Second Amended Complaint expressly asserted for the first time a claim under Title I of the Petroleum Marketing Practices Act (the "PMPA" or "Act"), 15 U.S.C. § 2801 *et seq.*, arising from the alleged wrongful termination of a franchise relationship by the defendant franchisors, Atlantic Richfield Company and ARCO Petroleum Products Company (collectively "ARCO"). The Court *sua sponte* issued an Order to Show Cause ("OSC") why the action should not be remanded to state court for failure to remove it within 30 days of service of the original complaint under 28 U.S.C. § 1446(b) or, alternatively, why the action should not be dismissed for lack of derivative jurisdiction in light of the PMPA's apparent grant of exclusive jurisdiction to the federal courts, 15 U.S.C. § 2805. The issues raised by the OSC now have been briefed and argued. Because I conclude that the action must be dismissed for lack of derivative jurisdiction, the issue of the timeliness of removal is mooted.[1]

Whether the federal courts have exclusive jurisdiction over actions brought under the PMPA is a matter of first impression—there is no controlling case law in this Circuit.[2] There are only two reported cases on the issue, both of which conclude that there is concurrent jurisdiction over actions brought under the Act. The analysis in *Ted's Tire Service Inc. v. Chevron U.S.A. Inc.*, 470 F.Supp. 163, 165 (D.Conn. 1979), is limited to a brief exegesis of § 2805(a) of the PMPA, noting only that the statutory language is "may be brought" not "*must* be instituted in federal court." (Emphasis in the original.) There is reference neither to any other provision of the PMPA nor to its legislative history.

---

1. ARCO's removal petition is timely only if, under § 1446(b), "the case stated by the initial pleading is not removable" and the case became removable by the Second Amended Complaint. However, the state court pleadings disclose that it has always been ARCO's position that the PMPA preempted all of plaintiff's purported state law claims. If this is so, then under the "artful pleading" rule which applies to preempted claims, the action was removable from its commencement and was or should have been "ascertained" as such by ARCO. *See, e.g., Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468 (9th Cir.1984). It would be fruitless, however, to remand to state court a preempted claim over which federal courts have exclusive jurisdiction.

2. *Abadjian v. Gulf Oil Corp.*, 602 F.Supp. 874 (C.D.Cal.1984), involved an action brought under the PMPA that had been removed from state court. The court there held that it lacked removal jurisdiction because there was no PMPA "franchise" with respect to one defendant and the claim against the former franchisor defendant was not separate and independent. The action was remanded to state court and the issue of derivative jurisdiction was not considered. *Id.* at 882.

In the second case, *California ARCO Distrib., Inc. v. Atlantic Richfield Co.*, 158 Cal.App.3d 349, 364, 204 Cal.Rptr. 743 (1984), the court, in passing dictum, adopts without analysis the holding in *Ted's Tire Service* that state courts have concurrent jurisdiction over PMPA claims.[3]

*Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981), provides the framework for determining the exclusive/concurrent jurisdiction issue. In light of such an analysis, I do not find the reasoning of *Ted's Tire Service* to be persuasive. In *Gulf Offshore*, the Court held that there is a presumption that a state court has concurrent jurisdiction over actions arising under a federal statute. *Id.* at 478, 101 S.Ct. at 2875. However, that presumption may be rebutted "by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests." *Id. Accord Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 508, 82 S.Ct. 519, 523, 7 L.Ed.2d 483 (1962); *Valenzuela v. Kraft, Inc.*, 739 F.2d 434, 435 (9th Cir.1984).

The PMPA provides that an action "may be brought" in a federal district court to redress a violation of the Act. 15 U.S.C. § 2805(a). As noted in *Ted's Tire Service*, 470 F.Supp. at 435, the PMPA does not specifically state that an action under the Act may be brought *only* in a federal court. This distinction need not detain us long, however, because there are other indications in the legislative history of the PMPA and in the provisions of the Act itself which provide the "unmistakable implication" of Congressional intent that federal courts have exclusive jurisdiction over actions brought under the PMPA.

First, both the Senate and House Reports refer only to the maintenance of an action under the PMPA in federal court: "The provisions of title I are enforceable by private civil action in U.S. District Court." S.Rep. No. 95–731, 95th Cong., 2d Sess. 16, *reprinted in* 1978 U.S.Code Cong. & Ad.News 873, 874; H.R.Rep. No. 95–161, 95th Cong., 1st Sess. 14. There is a conspicuous absence in the Reports of any reference to the bringing of PMPA actions in state court. As the court observed in *Valenzuela*, in holding that federal courts have exclusive jurisdiction over actions under Title VII of the Civil Rights Act of 1964 ("Title VII"): "Although not determinative, the absence of reference to the state courts combined with Congress' affirmative references to the federal courts suggests an intent to make federal jurisdiction exclusive." 739 F.2d at 436.

Further, two sections of the PMPA incorporate standards under the Federal Rules of Civil Procedure to the provision of a remedy under the Act. First, § 2805(d)(1)(A) provides that if a franchisee prevails in any action brought to redress a violation of the PMPA, the franchisee shall be entitled "consistent with the Federal Rules of Civil Procedure, to actual damages." Similarly, § 2805(b)(2) provides that a court shall grant a preliminary injunction in any action brought under the Act if:

(A) the franchisee shows—

(i) the franchise of which he is a party has been terminated or the franchise relationship of which he is a party has not been renewed, and

(ii) there exist sufficiently serious questions going to the merits to make

**3.** ARCO contends that three cases hold that federal courts have exclusive jurisdiction of actions arising under the PMPA. Two of the cases do not reach the issue, holding only that an action under the PMPA *may* be brought in federal court. *Naso v. Sun Ref. & Mktg. Co.*, 582 F.Supp. 1566, 1567 (N.D.Ohio 1983); *Meyer v. Amerada Hess Corp.*, 541 F.Supp. 321, 328 (D.N.J.1982). The holding of the third case, *Shell Oil Co. v. Nelson Oil Co.*, 627 F.2d 228 (Temp.Emer. Ct.App.1980), is not entirely clear. The court there stated, "Because federal courts have exclu-sive jurisdiction over the claims raised by Shell, (Economic Stabilization Act of 1970, § 210, 12 U.S.C. § 1904 note) Shell filed an independent action in federal court following the remand in order to pursue its claims in the proper forum." *Id.* at 231 n. 1. Although the parenthetical citation quoted above is only to the Economic Stabilization Act, "the claims raised by Shell" included claims under the PMPA. *Id.* at 231. It is unclear whether the parenthetical citation is intended as a limitation on the exclusive jurisdiction holding.

such questions a fair ground for litigation; and

(B) the court determines that, on balance, the hardships imposed upon the franchisor by the issuance of such preliminary injunctive relief will be less than the hardship which would be imposed upon such franchisee if such preliminary injunctive relief were not granted.

This is the standard that is widely applied in the federal courts under Fed.R.Civ.P. 65.[4] *See, e.g., Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1421 (9th Cir.1984); *Los Angeles Memorial Coliseum Comm'n v. National Football League,* 634 F.2d 1197, 1201 (9th Cir.1980); *Charlie's Girls, Inc. v. Revlon, Inc.,* 483 F.2d 953, 954 (2d Cir.1973) (per curiam).

The application of the Federal Rules of Civil Procedure both for the award of damages and for the issuance of preliminary injunctions demonstrates that Congress must have intended that actions brought under the PMPA be brought in federal court. As the court in *Valenzuela* held:

Whether congress has the constitutional power to require state courts to follow Fed.R.Civ.P. 65[5] and to expedite certain cases is a matter of some doubt.... In any event, we do not believe that Congress attempted in Title VII to regulate the procedures and priorities of the state court.

739 F.2d at 436.

In *Valenzuela,* the court also was faced with a provision similar to § 2805(a), in that

Title VII provides: "Each United States district court ... shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e–5(f)(3). Like the PMPA, Title VII does not specify that actions may be brought *only* in federal court. Relying to a great extent on the two factors discussed above—the references in the legislative history only to the maintenance of an action in federal court and the incorporation of the standard applied pursuant to F.R.Civ.P. 65 for the issuance of preliminary injunctions under Title VII—the court in *Valenzuela* held that Congress must have intended to vest the federal courts with exclusive jurisdiction over actions brought under Title VII.[6] *See also General Inv. Co. v. Lake Shore & Mich. S. Ry.,* 260 U.S. 261, 286–87, 43 S.Ct. 106, 116–17, 67 L.Ed. 244 (1922) (federal courts have exclusive jurisdiction over actions under the Sherman and Clayton Acts, although statutes provide only that actions may be brought in federal court); *Derish v. San Mateo-Burlingame Bd. of Realtors,* 724 F.2d 1347, 1349 (9th Cir.1983) (same).[7]

Although *Gulf Offshore* and *Dowd Box* also dealt with statutes which provide only that actions may be brought in a federal court, both cases are distinguishable. In *Gulf Offshore,* in holding that there is concurrent jurisdiction over actions brought under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.,* the Court

---

4. In fact, Congress expressly "embraced a judicial standard utilized by the Second Circuit." S.Rep No. 95–731 at 41, 1978 U.S.Cong & Ad. News at 899

5. This discussion is based on the provision in § 706(f)(2) of Title VII, 42 U.S.C. § 2000e–5(f)(2), that "any ... order granting preliminary or temporary relief shall be issued in accordance with Rule 65 of the Federal Rules of Civil Procedure." However, Rule 65 does not itself establish any standards for the issuance of injunctive relief. Therefore, I construe the court's reference to the requirement to "follow" Rule 65 to include observance of the judicially created standards governing the issuance of injunctive relief. This is the standard, as noted above, incorporated into the PMPA by § 2805(b)(2).

6. *Valenzuela* also relied on the fact that Title VII provides that actions under that act are subject to appeal as provided in 28 U.S.C. §§ 1291 and 1293. 42 U.S.C. § 2000e–5(j). 739 F.2d 436.

7. It has also been held that federal courts have exclusive jurisdiction over actions under § 101 of the Labor-Management Reporting and Disclosure Act of 1959 (the "LMRDA"), 29 U.S.C. § 411, although § 102 of the Act, 29 U.S.C. § 412, provides only that a suit under the LMRDA may be brought in a federal court. *See Thorp v. Serraglio,* 464 F.Supp. 149, 151 (N.D. Ohio 1978); *Safe Workers' Org. v. Ballinger,* 389 F.Supp. 903, 910 (S.D.Ohio 1974). *But see Berg v. Watson,* 417 F.Supp. 806, 808 n. 1 (S.D.N.Y. 1976) (holding that state courts have concurrent jurisdiction under the LMRDA pursuant to § 102).

found nothing in the language or the structure of that act, its legislative history or underlying policies to suggest a legislative intent to vest the federal courts with exclusive jurisdiction. 453 U.S. at 482–84, 101 S.Ct. at 2877–78. Similarly, in *Dowd Box*, in holding that there is concurrent jurisdiction over actions brought pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the Court found that the legislative history clearly demonstrated a Congressional intent to supplement and not to displace the jurisdiction of state courts over actions on contracts made by labor organizations. 368 U.S. at 511–13, 82 S.Ct. at 524–25.

Given the references in the legislative history here only to the maintenance of actions in federal court, the provision in the Act for the application of the Federal Rules of Civil Procedure for the award of damages and the further provision of a standard for the issuance of a preliminary injunction as applied by the federal courts, I hold that Congress intended to vest the federal courts with exclusive jurisdiction over actions brought under the PMPA. It follows that the state court from which this action was removed lacked subject matter jurisdiction over the action. Thus, this court, on removal, lacks derivative jurisdiction requiring dismissal. *Lambert Run Coal Co. v. Baltimore & Ohio RR*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); *Valenzuela*, 739 F.2d at 435.

IT IS ORDERED that the action is dismissed without prejudice.