[No. B015459. Second Dist., Div. Five. Feb. 16, 1988.]

F. NIAKAN et al., Plainiffs, Cross-defendants and Respondents, v. ISSA ELIAS SAMAAN, Defendant, Cross-complainant and Appellant;
UNION OIL COMPANY OF CALIFORNIA, Defendant, Cross-defendant and Respondent.

COUNSEL

Minutillo & Gorman, Daniel C. Minutielo, Shapiro, Posell & Close John C. Gorman, Kindel & Anderson and David Laufer for Defendant, Cross-complainant and Appellant.

Margolis, Ryan, Burrill & Besser, Robert S. Besser and Christopher Chapin for Defendant, Cross-defendant and Respondent.

Thomas E. Reeks for Plaintiffs, Cross-defendants and Respondents.

OPINION

HASTINGS, J.*—Defendant/appellant Issa Elias Samaan (appellant) appeals from the judgment entered against him and in favor of plaintiffs/respondents F. Niakan, E. Niakan, Ben Niakan and Betty Niakan (the Niakans) and Union Oil Company of California (Union Oil), and from denial of his motion for a new trial.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

FACTS:

In 1963, Union Oil[1] leased a service station site on Wilshire Boulevard in Los Angeles from the Sheffields and constructed a Union Oil Station facility on the site. The original term of the lease expired on April 30, 1979. The lease contained options to extend the lease for two 5-year periods. On September 30, 1980, Union Oil exercised one of its two options to extend the site lease. The new expiration date was scheduled for April 30, 1984. The Sheffields subsequently sold the site to the Niakans.

On July 15, 1977, Union entered into a franchise agreement with appellant which encompassed a sublease of the same Wilshire Blvd. service station site. The sublease was for a three-year period ending July 14, 1980. On September 30, 1980, Union Oil and appellant entered into another three-year franchise which, by its terms, commenced on September 15, 1980, and expired on September 30, 1983. When these franchise lease documents were delivered to appellant for signature, he was given written notice of the April 30, 1984, expiration date of the site lease.

In August 1981, Union Oil entered into a settlement agreement with the Sheffields and Niakans, in order to settle a lawsuit brought by the Sheffields in 1977. The Sheffield suit claimed retroactive rental increases were due under the site lease. Under the terms of the settlement, Union Oil relinquished its option to extend the site lease for an additional five-year term and its tenancy of the site beyond September 30, 1983 (appellant's sublease's expiration date).

Appellant did not receive notice of this settlement and learned about it in June 1982, from the Niakans' attorney. Up to that time, he understood the site lease was due to expire on April 30, 1984. Appellant took the position that the settlement agreement was invalid as to his interest and that he was entitled to remain in possession of the site beyond the expiration date of his lease with Union Oil through the term of the *second option lease,* i.e., April 30, 1989.

The Niakans had planned to convert the site to a different use. When they could not secure an agreement to vacate from appellant, they filed suit in November 1982, seeking a judicial declaration that appellant had no further right to remain on the premises beyond the expiration of his sublease, September 30, 1983.

Appellant cross-complained against the Niakans, the Sheffields and Union Oil. Of the eight causes of action contained in the cross-complaint,

---

[1] Union Oil is a petroleum marketing franchisor, as defined by the Petroleum Marketing Practices Act, 15 United States Code section 2801 et seq.

only the following five are pertinent to this appeal: The first cause of action, against Union Oil, alleged violation of the federal Petroleum Marketing Practices Act (PMPA), 15 United States Code section 2801 et seq., as a result of Union Oil's nonrenewal of appellant's service station franchise. The Niakans are also named as cross-defendants as to the first cause of action for conspiring with Union Oil to violate appellant's franchise rights under PMPA. The fifth cause of action, against Union Oil, alleged unfair trade practices in violation of California Business and Professions Code section 17200. The sixth and seventh causes of action, against Union Oil, alleged breach of the implied covenant of good faith and fair dealing and breach of written contract. The eighth cause of action, against Union Oil, alleged misrepresentation, as to the duration of appellant's franchise.

At the conclusion of the presentation of evidence, the court directed a verdict against appellant as to each cause of action, except the eighth. The issue of whether Union Oil fraudulently misrepresented the length of appellant's lease was decided by the jury in Union Oil's favor.

On appeal, appellant contends the court made errors of law when it directed verdicts against him as to causes of action 1, 5, 6 and 7; and when it refused his requested jury instruction on negligent misrepresentation and concealment. Appellant further argues that the bailiff's conduct at trial deprived him of a fair trial.

Union Oil counters that each of the causes of action of which appellant seeks reversal either are directly governed or are preempted by the PMPA, and that the federal court has exclusive jurisdiction for any action grounded in the PMPA. Accordingly, the entire appeal should be dismissed for lack of subject matter jurisdiction. We concur.

All parties agree that Union Oil is a petroleum marketing franchisor as defined by PMPA section 2801 (3), and that the franchise agreement is subject to requirements of the PMPA. All the causes of action, summarized above, stem from Union Oil's failure to renew appellant's petroleum marketing franchise.

Subsequent to trial on this matter, the United States District Court for Central California has addressed the question of whether the federal courts have exclusive jurisdiction over actions brought under the PMPA. In *Rustom* v. *Atlantic Richfield Co.,* (C.D.Cal. 1985) 618 F.Supp. 210, the court acknowledged the presumption that state courts have concurrent jurisdiction. It noted, however, that this ". . . presumption may be rebutted 'by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests.' (Citations.)"

(*Id.* at p. 212.) After analyzing the legislative history as well as the language and the requirements of the statute,[2] the court concluded that Congress intended to vest the federal courts with exclusive jurisdiction over actions brought under the PMPA. (*Id.* at p. 214.) This holding has been followed in *Elimelekh, et al.* v. *Texaco Refining & Marketing Inc.* (C.D.Cal. 1986, Business Franchise Guide, ¶ 8663, pp. 16751-16752).

Our research indicates that the body of case law developed under the PMPA consists almost entirely of federal court decisions. Moreover, on two occasions, our appellate court has held that all California state law remedies for wrongful termination or nonrenewal have been preempted by the PMPA. (*California Arco Distributors, Inc.* v. *Atlantic Richfield Co.* (1984) 158 Cal.App.3d 349 [204 Cal.Rptr. 743]; *Mobile Oil Corp.* v. *Superior Court* (1987) 189 Cal.App.3d 485 [234 Cal.Rptr. 482]; see also 15 U.S.C. § 2806.)

The PMPA is federal legislation applying federal remedies which have been extensively interpreted by federal courts and jurisdiction. The legislative history of this act (1978 U.S. Code, Cong. & Adm. News, vol. 3, p. 873 et seq.) reveals a strong legislative concern for development of a uniform body of federal law to address the problems associated with termination and nonrenewal of franchise relationship. In addition, it has been held that federal courts retain exclusive jurisdiction over suits brought under the PMPA. (*Rustom, supra.*) We accept the *Rustom* court analysis and conclude that our state courts lack jurisdiction.[3] Accordingly, the appeal is dismissed. Each party to bear own costs.

Feinerman, P. J., and Boren, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 4, 1988. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.

---

[2] The court noted that while the PMPA does not specifically require action to be brought solely in federal district court, both House and Senate reports state that the provisions of the PMPA "are enforceable by private civil action in U.S. District Court"; there is no mention in the reports of bringing PMPA actions in state courts; and the PMPA incorporates standards under the Federal Rules of Civil Procedure to the award of damages and to the issuance of preliminary injunctions.

[3] We have read the record and conclude were this not the case, an affirmance would lie. There is substantial evidence to support the trial court's directed verdicts, and appellant's other contentions are meritless.