560 A.2d 124

**Isaac JOHNSON, Appellee,**

**v.**

**MOBIL OIL CORPORATION, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 8, 1988.

Decided May 26, 1989.

106

Edward F. Mannino, John M. Elliott, Virginia Lynn Hogben, Richard B. Wickersham, and Ann M. Caldwell, Philadelphia, for appellant.

John L. Lachall, West Chester, for Isaac Johnson.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This case arises from an action brought by Appellee, Isaac Johnson, involving a trial franchise agreement to operate a gasoline service station. Appellee brought suit in the Court of Common Pleas of Chester County against Appellant, Mobil Oil Corporation ("Mobil") along with one of its employees (who is no longer involved in this appeal). That court granted summary judgment and partial summary judgment against Appellee on Counts I and II of his complaint; and dismissed Count III for lack of subject matter jurisdiction. Count III was based on the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801–2806, and the trial court thought that suit under this Act could be brought only in federal court. The Superior Court, in an opinion by President Judge Cirillo, reversed the summary judgments on Counts I and II, and also reversed the dismissal of Count III for lack of jurisdiction.

In August, 1981, Appellee became an independent dealer-operator for Mobil under a trial franchise agreement which was to run for a period of one year. By an expressed notice of non-renewal, the franchise agreement was not renewed by Mobil and thereby was terminated at the end of the one year. In not renewing the trial franchise agreement, Mobil asserts that it fully complied with all the requirements of the PMPA applicable to trial franchises. Following this non-renewal, Appellee filed the aforementioned three-count Complaint in the Court of Common Pleas of Chester County. Appellee alleged in Count I that Mobil was liable under Pennsylvania law for breach of contract in not renewing the trial franchise agreement. In Count II, he alleged that Mobil was liable under Pennsylvania law for fraud. In Count III, he alleged that Mobil violated the PMPA by failing to renew the trial franchise agreement. 15 U.S.C. § 2802 provides that no franchisor may terminate any franchise prior to the conclusion of the term or fail to renew any franchise relationship except upon grounds expressly set forth in the statute. The trial court granted summary

judgment in Mobil's favor on Appellee's state law claims (Counts I and II), finding them to be preempted by the PMPA; and dismissed Count III for lack of subject matter jurisdiction, holding that Congress vested exclusive jurisdiction in the federal courts over claims brought under the PMPA. The Superior Court reversed holding that Appellee's state law claims were not preempted by the PMPA. The Superior Court further held that a state court has concurrent jurisdiction over claims brought directly under the PMPA, like Count III, 364 Pa.Super. 275, 528 A.2d 155.

■ This Court granted Mobil's Petition for Allowance of Appeal limited to the issue of whether federal courts have exclusive jurisdiction over claims brought directly under the PMPA—the issue raised by Count III of Appellee's Complaint. We are convinced that the Superior Court's holding that state courts have concurrent jurisdiction over PMPA claims ignores the relevant legislative history and Congress' clear intent that the Act be applied uniformly across the country. For the reasons set forth below, we reverse the Superior Court's reinstatement of Count III of Appellee's Complaint, thereby affirming the trial court's dismissal of Count III.

■ There is a presumption that state courts have concurrent jurisdiction over actions arising under a federal statute, but that presumption may be rebutted "by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests." *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 478, 101 S.Ct. 2870, 2875, 69 L.Ed.2d 784 (1981). See also, *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); *Valenzuela v. Kraft, Inc.*, 739 F.2d 434 (9th Cir.1984). In reviewing the few cases which deal with the precise question of whether that presumption is applicable here such that there is concurrent state court jurisdiction over actions brought under the PMPA, we are guided, in large part, by the carefully researched and soundly reasoned opinion of Judge Tashima in *Rustom v. Altantic Richfield Co.*, 618 F.Supp. 210

(D.C.Cal.1985), which concluded that such concurrent state court jurisdiction does not exist with respect to actions under the PMPA.[1]

1. Even though 15 U.S.C. § 2805(a) only provides that an action "may be brought" in a federal district court, as opposed to "shall be brought" or "must be brought," both the Senate and House Reports on the PMPA refer solely to bringing an action in federal court. "The provisions of title I are enforceable by private civil action in U.S. District Court." S.Rep. No. 95-731, 95th Cong., 2d Sess. 16, *reprinted in* 1978 U.S.Code Cong. and Ad.News 873, 874; H.R.Rep. No. 95-161, 95th Cong., 1st Sess. 14. There is no reference in these Reports whatsoever to filing a PMPA suit in a state court. In *Rustom, supra,* the court cited *Valenzuela, supra,* a 9th Circuit case dealing with Title VII of the 1964 Civil Rights Act as follows: "Although not determinative, the absence of reference to the state courts combined with Congress' affirmative references to the federal courts suggests an intent to make federal jurisdiction exclusive." 739 F.2d at 436.

2. Two sections of the PMPA expressly incorporate standards from the Federal Rules of Civil Procedure that are to apply to the grant of judicial remedies under the Act. Section 2805(d)(1)(A) provides that if a franchisee prevails in its action, it shall be entitled "consistent with the Federal Rules of Civil Procedure, to actual damages;". . . . Section 2805(b)(2) provides for preliminary injunctions. The standards set forth in detail in this section are identical to those usually applied in the federal courts under Fed.R.Civ.P. 65. *Rustom, supra,* at 213. The direct reference to, and adoption of, the Federal Rules clearly shows that Congress must have intended that PMPA actions be brought only in the federal courts. Again citing *Valenzuela, supra:*

1. The case of *Ted's Tire Service, Inc. v. Chevron U.S.A., Inc.,* 470 F.Supp. 163 (D.Conn.1979) reached the opposite conclusion, but it is based solely on a brief linguistic analysis of 15 U.S.C. § 2805(a). It does not delve into the legislative history. The handful of other cases cited by the parties or noted in *Rustom, supra,* are likewise of little persuasive value.

> Whether congress has the constitutional power to require state courts to follow Fed.R.Civ.P. 65 and to expedite certain cases is a matter of some doubt.... In any event, we do not believe that Congress attempted in Title VII to regulate the procedures and priorities of the state courts.

739 F.2d at 436.

We think that these two factors are sufficient to demonstrate that Congress intended to vest the federal courts with exclusive jurisdiction over PMPA actions and that they satisfy the first prong of the test set forth in *Gulf Offshore, supra,* such that the presumption of concurrent jurisdiction is rebutted.

The second prong of the *Gulf Offshore* test, that a clear incompatibility between state-court jurisdiction and federal interests exists, is satisfied as well. The express purpose of the PMPA is to create a "uniform set of rules governing the grounds for termination and non-renewal of motor fuel marketing franchises and the notice which franchisors must provide franchisees prior to termination or non-renewal of a franchise relationship." S.Rep. No. 95–731, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Ad.News 873, 877. The PMPA is a complex statute that provides detailed national standards and procedures for the termination or non-renewal of all franchises for the distribution and sale of gasoline and other petroleum products. There is no adoption of, or referral to, state law principles or doctrines. Concurrent jurisdiction in the state courts would serve only to undermine an express purpose and a most important objective of the PMPA, which is to provide uniformity with respect to the rules and regulations applicable to petroleum franchise relationships. The courts of fifty different states would be interpreting and applying the statute independently of each other. Each state court would be free to disregard the statutory interpretation of another state court or of the federal courts. *See, e.g., Breckline v. Metropolitan Life Insurance Co.,* 406 Pa. 573, 178 A.2d 748 (1962). Such a system would effectively ensure not "a single, uniform

set of rules" governing petroleum franchise relationships but, on the contrary, would encourage substantial variation in the statute's meaning and application. Such a result was clearly *not* intended by Congress.

 We think it is abundantly clear, therefore, that Congress intended to give the federal courts exclusive jurisdiction over PMPA actions. This imposes no hardship on persons like the Appellee. Section 2805(a) permits suits in federal courts "without regard to the amount in controversy." In other words, a party situated as Appellee is need have no concern about meeting the burdensome dollar amount in controversy requirement that might have otherwise applied in order to sue in federal court.[2] Moreover, someone like Appellee would not be required to split his state and federal claims arising from the same set of facts. Under pendant jurisdiction, they could all be brought in federal court. See, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

For the reasons set forth above, the Superior Court must be reversed with respect to the issue before us.

It is so ordered.

FLAHERTY, J., files a dissenting opinion in which NIX, C.J., joins.

McDERMOTT, J., did not participate in the consideration or decision of this matter.

STOUT, former J., did not participate in the decision of this matter.

**2.** Prior to 1980, 28 U.S.C. § 1331 imposed a $10,000 minimum amount in controversy requirement on suits raising a federal question before they could be brought in federal court. The PMPA was passed in 1978. 28 U.S.C. § 1332, dealing with diversity cases, still contains a $10,000 minimum amount in controversy requirement. The fact that § 2805(a) expressly waives the amount in controversy requirement is another indication, of course, that Congress intended that suits only be brought in federal court under this statute. The waiver would not have been necessary if suits were permitted in state courts as well.

FLAHERTY, Justice, dissenting.

Although I agree with Mr. Justice Papadakos that there is a presumption of concurrent jurisdiction in state courts over actions arising under a federal statute, I disagree with his conclusion that concurrent jurisdiction does not apply in this case. The presumption of concurrent jurisdiction may be rebutted by

> unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests.

*Gulf Offshore Co. v. Mobile Oil Corp.*, 453 U.S. 473, 478, 101 S.Ct. 2870, 2875, 69 L.Ed.2d 784 (1981). The mere fact that legislative history, which is at best an ambiguous guide, mentions only the initiation of actions in federal court is hardly an *"unmistakable implication "* from legislative history that PMPA actions may not be initiated in state courts.

Further, there is no incompatibility between state and federal interests caused by concurrent jurisdiction. It is true that state courts in different jurisdictions may interpret the statute differently, but then that is also true of district and circuit courts in the federal system. Presumably, the states will be guided by the federal courts in interpreting the statute, and if there is a conflict between the circuits, that may be resolved by the United States Supreme Court. In any event, I do not agree that the prospect of disagreement among the states is any more of an impediment to implementation of federal interests than is the prospect of disagreement among the federal circuits.

Additionally, the only provision of the act which mentions where suits may be initiated is § 2805, as follows:

> If a franchisor fails to comply with the requirements of section 102 or 103, the franchisee may maintain a civil action against such franchisor. *Such action may be brought, without regard to the amount in controversy, in the district court of the United States* in any judicial district in which the principal place of business of such

franchisor is located or in which such franchisee is doing business....

15 U.S.C. § 2805(a). (Emphasis added.) The majority observes that this language is included in the statute because in 1978, when it was drafted, there was a $10,000 amount-in-controversy requirement which § 2805 eliminates. The majority then concludes that such a waiver would not have been necessary if the action were permitted in state courts as well. Quite to the contrary, the language was necessary because without it, only some actions—those exceeding $10,000—would be able to be brought in federal court. All other actions, those under $10,000, would have to be brought in state court.

In sum, none of the arguments advanced by the majority is more than a possibility, and more than that is required to rebut the presumption of concurrent jurisdiction. I therefore dissent and would permit the action to proceed in Pennsylvania courts.

NIX, C.J., joins this dissenting opinion.