On appellant's petition for reconsideration filed October 11, 1989, reconsideration allowed, former opinion (98 Or App 282, 780 P2d 223) adhered to January 17, reconsideration denied April 25, petition for review denied June 5, 1990 (310 Or 122)

**WIRKKULA,**
dba Jim's Union Service, Inc.,
*Respondent,*

*v.*

**UNION OIL COMPANY OF CALIFORNIA,**
dba Unocal,
*Appellant.*

(CC87-2196; CA A50199)

785 P2d 372

Michael D. Williams and Williams, Fredrickson, Stark & Weisensee, P.C., Portland, for the petition.

Mark A. La Mantia and Shannon and Johnson, P.C., Portland, *contra.*

Before Graber, Presiding Judge, and Riggs and Edmonds Judges.

GRABER, P. J.

Edmonds, J., dissenting.

## GRABER, P. J.

Defendant Union Oil Company of California petitions for reconsideration of our former decision. 98 Or App 282, 780 P2d 223 (1989). It argues, for the first time, that the Petroleum Marketing Practices Act (PMPA) creates exclusive federal court jurisdiction of all actions brought under it.[1] We grant the petition to consider that argument but adhere to our original decision.

■     The few cases that have considered the question have reached conflicting conclusions. Some hold that there is concurrent state court jurisdiction. *See, e.g., Ted's Tire Service, Inc. v. Chevron U.S.A. Inc.,* 470 F Supp 163, 165 (D Conn 1979); *Johnson v. Mobil Oil Corp.,* 364 Pa Super 275, 528 A2d 155 (1987), *rev'd* 522 Pa 105, 560 A2d 124 (1989). Others hold that there is exclusive federal jurisdiction. *See, e.g., Rustom v. Atlantic Richfield Co.,* 618 F Supp 210 (CD Cal 1985); *Johnson v. Mobil Oil Corp.,* 522 Pa 105, 560 A2d 124 (1989). The most thorough discussions are in *Rustom v. Atlantic Richfield Co., supra,* and the decisions of the Pennsylvania Superior and Supreme Courts in *Johnson v. Mobil Oil Corp., supra.* We hold that we have jurisdiction.

> "We start with the premise that nothing in the concept of our federal system prevents state courts from enforcing rights created by federal law. Concurrent jurisdiction has been a common phenomenon in our judicial history, and exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule." *Dowd Box Co. v. Courtney,* 368 US 502, 507, 82 S Ct 519, 7 L Ed 2d 483 (1962).

There is a presumption of concurrent state jurisdiction over a federal claim, and a litigant who argues otherwise must rebut that presumption by showing that Congress has explicitly or implicitly created exclusive federal court jurisdiction. An implicit grant of exclusive jurisdiction, however, must be unmistakable. The litigant may also show an incompatibility between the federal claim and state court adjudication, but that incompatibility must be clear. *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 US 473, 477-78, 101 S Ct 2870, 69 L Ed 2d 784 (1981).

---

[1] At our request, plaintiff filed a response to the jurisdictional arguments in the petition for reconsideration.

■ The PMPA does not explicitly provide for exclusive federal court jurisdiction. Courts that hold that it provides implicitly for exclusive jurisdiction rely on three things: 1) the Senate report explaining the PMPA states that the act is "enforceable by private civil action in U.S. District Court"; 2) 15 USC § 2805(d)(1)(A) provides that a successful franchisee may recover actual damages "consistent with the Federal Rules of Civil Procedure"; and 3) 15 USC § 2805(b)(2) provides standards for a preliminary injunction that are similar to those that many federal courts apply under FRCP 65. *Rustom v. Atlantic Richfield, Co., supra,* 618 F Supp at 212-13. Although those factors suggest that Congress focused on the federal courts' role in enforcing the PMPA, they do not show an unmistakable implicit grant of exclusive federal jurisdiction.

First, the statement in the Senate report explained 15 USC § 2805(a), which provides that an aggrieved franchisor may bring a civil action

> *"without regard to the amount in controversy,* in the district court of the United States in any judicial district in which the principal place of business of such franchisor is located or in which such franchisee is doing business[.]" (Emphasis supplied.)

That provision served two purposes that have nothing to do with concurrent state jurisdiction: It avoided the jurisdictional amount that 28 USC § 1331 required when Congress adopted the PMPA,[2] *see Dowd Box Co. v. Courtney, supra,* 368 US at 508 n 4, and it established venue. Congress frequently grants federal courts jurisdiction by similar provisions. The Supreme Court gives those grants little weight in determining whether there is concurrent state jurisdiction. *See Dowd Box Co. v. Courtney, supra,* 368 US at 506. The Senate report simply states, correctly, that the section grants federal courts jurisdiction. That says nothing about state jurisdiction. There is no reason to think that the committee had that issue in mind when it adopted the report.

---

[2] 28 USC § 1337, which grants federal courts jurisdiction of actions under federal laws regulating commerce without regard to the amount in controversy, might have provided federal jurisdiction in any event. In 1980, after the adoption of the PMPA, Congress amended 28 USC § 1331 to provide federal question jurisdiction in all cases without regard to the amount in controversy. *See* Wright, *Law of Federal Courts* § 32 (4th ed 1983).

Second, the direct and possible indirect references in the PMPA to the Federal Rules of Civil Procedure do not clearly restrict jurisdiction to the federal courts. The meaning of the provision concerning the recovery of damages consistent with the FRCP is not easy to determine. The FRCP are rules of procedure that do not describe substantive criteria for determining damages. It is hard to fathom how a damage award would be "consistent" or "inconsistent" with procedural rules. The standards for the issuance of an injunction may be similar to those that courts use under FRCP 65, but the PMPA does not explicitly refer to that rule. A state court could apply the standards as effectively as could a federal court.

We also conclude that state court jurisdiction and federal interests are not clearly incompatible. The PMPA is a complex statute that imposes national standards in many areas. There is a federal interest in uniformity of decisions. *See Johnson v. Mobil Oil Corp., supra,* ___ Pa at ___-___ (560 A2d at 126-27). That does not mean, however, that exclusive federal jurisdiction is clearly necessary to protect that interest. The "prospect of disagreement among the states is [no] more of an impediment to implementation of federal interests than is the prospect of disagreement among the federal circuits." ___ Pa at ___ (560 A2d at 127) (Flaherty, J., dissenting). In either case, the United States Supreme Court can resolve whatever disagreements may arise.

If the need for uniformity of decisions on important federal statutes were decisive in determining jurisdiction, then there would be no room for a presumption of concurrent state jurisdiction in most situations. In fact, the Supreme Court does not treat the need for uniformity as decisive. In *Dowd Box Co. v. Courtney, supra,* it held that state courts have concurrent jurisdiction over actions under § 301 of the Labor Management Relations Act of 1947 (LMRA). The importance of a uniform federal law of collective bargaining agreements is at least as great as the importance of uniform interpretation of the PMPA. Although the Court based its holding in part on the legislative history of the LMRA, its discussion suggests that it gives a need for uniformity little weight. In addition, as our former opinion shows, a decision under the PMPA may well require the use of state law principles in deciding issues on which the PMPA is silent. *See* 98 Or App at 288-89. That

fact suggests that state court jurisdiction is consistent with Congress' purpose.

We conclude that the arguments for exclusive federal jurisdiction over an action under the PMPA are not strong enough to rebut the normal rule of concurrent state court jurisdiction. We find nothing in the petition for reconsideration that would affect our decision on the merits. We therefore adhere to it.

Reconsideration allowed; former opinion adhered to.

**EDMONDS, J.,** dissenting.

The majority holds that we have jurisdiction after stating:

> "The most thorough discussions [of whether there is concurrent state jurisdiction of actions brought under the PMPA] are in *Rustom v. Atlantic Richfield Co.,* [618 F Supp 210 (CD Cal 1985)] and the decisions of the Pennsylvania Superior and Supreme Courts in *Johnson v. Mobil Oil Corp.,* [364 Pa Super 275, 528 A2d 155 (1987), *rev'd* 521 Pa ___, 460 A2d 124 (1989)]."

Both *Rustom* and the Pennsylvania Supreme Court in *Johnson,* reversing the Superior Court, hold that there is no concurrent jurisdiction. There are several matters that the majority and these cases agree on. One is that *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 US 473, 101 S Ct 2870, 69 L Ed 2d 784 (1981), provides the proper analysis for the exclusive or concurrent jurisdiction issue. Another is that the PMPA does not specifically state that actions under it may be brought *only* in federal court. Where the majority and those cases differ is in the evaluation of whether the presumption of concurrent jurisdiction is unrebutted and whether there is a clear incompatibility between state court jurisdiction and federal interests.

Both the Senate and House Reports refer solely to bringing an action in federal court, without any reference to filing a claim in state court. Two sections of the PMPA expressly incorporate standards from the Federal Rules of Civil Procedure. One pertains to recoverable damages and the other to the availability of preliminary injunctions. The absence of reference to state courts, together with references by Congress to the federal courts, suggest an intent to make

federal jurisdiction exclusive. *See Valenzuela v. Kraft, Inc.,* 739 F2d 434, 436 (9th Cir 1984). As both *Rustom* and *Johnson* hold, that evidence of legislative intent outweighs a contrary presumption such as existed in *Gulf Offshore Co. v. Mobil Oil Corp., supra,* and *Dowd Box Co. v. Courtney,* 368 US 502, 82 S Ct 519, 7 L Ed 2d 483 (1962).[1]

The reasoning of the *Pennsylvania Supreme Court* in *Johnson* as to why an incompatibility between state and federal court jurisdiction exists is also persuasive:

> "The express purpose of the PMPA is to create a 'uniform set of rules governing the grounds for termination and non-renewal of motor fuel marketing franchises and the notice which franchisors must provide franchisees prior to termination or non-renewal of a franchise relationship.' The PMPA is a complex statute that provides detailed national standards and procedures for the termination or non-renewal of all franchises for the distribution and sale of gasoline and other petroleum products. * * * Concurrent jurisdiction in the state courts would serve only to undermine an express purpose and a most important objective of the PMPA, which is to provide uniformity with respect to the rules and regulations applicable to petroleum franchise relationships. The courts of fifty different states would be interpreting and applying the statute independently of each other. Each state court would be free to disregard the statutory interpretation of another state court or of the federal courts. Such a system would effectively ensure not 'a single, uniform set of rules' governing petroleum franchise relationships but, on the contrary, would encourage substantial variation in the statute's meaning and application. Such a result was clearly *not* intended by Congress." 521 Pa at ___, 460 A2d at 126. (Citations omitted; emphasis in original.)

The majority responds that "the Supreme Court can resolve whatever disagreements may arise," that, if the need for uniformity were decisive, there would be no presumption of concurrent state jurisdiction and that a decision under the PMPA may require the use of state law principles. Those arguments miss the point. Federal courts often apply state law. A presumption of concurrent state jurisdiction arises

---

[1] In *Gulf Offshore,* the legislative history and the statutory scheme were silent as to any suggestion of a legislative intent to vest federal courts with exclusive jurisdiction. In *Dowd Box,* the legislative history clearly demonstrated an intent to supplement the jurisdiction of state courts.

from a Congressional record that is silent on the issue of federal exclusivity or where Congress intends legislation not to displace the jurisdiction of state courts. The point is that this court ought to carry out the intent of Congress. I agree with the reasoning of those cases that have held that Congress intended that federal courts have exclusive jurisdiction over actions brought under the PMPA.