RICHARD GROTEMYER et al., Plaintiffs-Appellants, v. LAKE SHORE PETRO CORPORATION et al., Defendants-Appellees.

First District (3rd Division)   No. 1—91—3813

■■■

Opinion filed September 16, 1992.

---

[9]Invoice Nos. B11377 ($125.00), B11378 ($300.00), B11444 ($8,579.90), and B11496 ($7,576.40).

Roger J. Guerin and Kevin J. Moore, both of Rothschild, Barry & Myers, of Chicago, for appellants.

Arthur M. Gorov, of Berkson, Gorov & Levin, Ltd., of Chicago, for appellees.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff appeals from a dismissal of his action brought under the Petroleum Marketing Practices Act (hereinafter PMPA) (15 U.S.C. §2801 *et seq.* (1988)) on the grounds that the Federal courts are the exclusive forum for cases brought under this act.

We reverse because the United States Supreme Court has determined that the States have concurrent jurisdiction to entertain actions under PMPA.

In 1978, aware of the disparity of bargaining power between large oil companies and their franchisees, Congress enacted PMPA which, among other things, prohibited termination or nonrenewals of a franchise relationship except on the basis of specifically enumerated grounds. PMPA provides "the franchisee may maintain a civil action [which] *** may be brought, without regard to the amount in controversy, in the district court *** in any judicial district in which the principal place of business of such franchiser is located or in which such franchisee is doing business." 15 U.S.C. §2805(a) (1988).

Plaintiffs' complaint was based upon defendant's failure to renew their franchise agreement and was met with a motion under section

2—619 (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) contesting the jurisdiction of the State court to hear cases under PMPA. Neither the PMPA nor the legislative history[1] contains a direct reference to the exclusivity of the Federal courts. Defendant argues that such exclusivity is somehow inferred by the authority granted that the plaintiff may bring action in the United States District Courts, that the Federal Rules of Civil Procedure are to be employed in such actions in determining damages, and that Congress intended that the Federal system would uniformly interpret PMPA.

■ Running strongly against these arguments is the deeply rooted presumption that Congress must affirmatively oust or divest the State courts of jurisdiction over a Federal claim in order to vest Federal courts with exclusive jurisdiction. *E.g., Tafflin v. Levitt* (1990), 493 U.S. 455, 459, 107 L. Ed. 2d 887, 894, 110 S. Ct. 792, 795.

The United States Supreme Court in examining similar statutes has held that State courts have concurrent jurisdiction in RICO cases, Federal claims under Title VII of the Civil Rights Act of 1964, actions under the Federal Arbitration Act, and personal injury and indemnity cases arising under the Outer Continental Shelf Lands Act.[2]

Such a presumption is rebutted only by an explicit statutory directive or an unmistakable implication from the legislative history. (*Gulf Offshore Co. v. Mobil Oil Corp.* (1981), 453 U.S. 473, 478, 69 L. Ed. 2d 784, 791, 101 S. Ct. 2870, 2875.) Neither exception is present in PMPA. *Union Oil Co. v. O'Riley* (1990), 226 Cal. App. 3d 199, 276 Cal. Rptr. 483.

---

[1]Sen. Rep. No. 95—731, 95th Cong., 2d Sess., *reprinted in* 1978 U.S. Code Cong. & Admin. News 873-924.

[2]*Tafflin v. Levitt* (1990), 493 U.S. 455, 459, 107 L. Ed. 2d 887, 895, 110 S. Ct. 792, 795 (State courts have concurrent jurisdiction over civil actions brought under the Racketeer Influenced and Corrupt Organizations Act (RICO)); *Yellow Freight Systems, Inc. v. Donnelly* (1990), 494 U.S. 820, 823, 108 L. Ed. 2d 834, 839, 110 S. Ct. 1566, 1568-69 (Congress did not divest the State courts of their concurrent authority to adjudicate Federal claims under Title VII of the Civil Rights Act of 1964); *Terry v. Thomas* (1987), 482 U.S. 483, 96 L. Ed. 2d 426, 107 S. Ct. 2520 (concurrent jurisdiction under Federal Arbitration Act); *Gulf Offshore Co. v. Mobil Oil Corp.* (1981), 453 U.S. 473, 478, 69 L. Ed. 2d 784, 791, 101 S. Ct. 2870, 2875. (State courts have concurrent jurisdiction over personal injury and indemnity cases arising under the Outer Continental Shelf Lands Act.)

While States have not been uniform in their conclusions as to the exclusiveness of the forum,[3] the United States Supreme Court in dealing with *O'Riley* has put the matter to rest.

■ In *O'Riley* the California Court of Appeals initially affirmed the dismissal of plaintiff's complaint for want of jurisdiction. Thereafter, the plaintiff successfully petitioned the United States Supreme Court for a writ of *certiorari*. The United States Supreme Court, having granted the writ, vacated the dismissal and remanded for further consideration in light of *Tafflin* (493 U.S. 455, 107 L. Ed. 2d 887, 110 S. Ct. 792), the recent RICO case upholding the presumption in favor of concurrent jurisdiction notwithstanding procedural conditions imposed upon the State court by the terms of the authorizing statute. The United States Supreme Court memorandum opinion is brief and we set it out in its entirety:

> "June 28, 1990. On petition for writ of certiorari to the Court of Appeal of California, Second Appellate District. The petition for writ of certiorari is granted. The judgment is vacated and the case is remanded to the Court of Appeal of California, Second Appellate District, for further consideration in light of *Tafflin v. Levitt*, 493 U.S. 455, 107 L. Ed. 2d 887, 110 S. Ct. 792 (1990). Justice White, Justice Blackmun, and Justice O'Connor dissent." *O'Riley v. Union Oil Co.* (1990), 497 U.S. 1020, 111 L. Ed. 2d 776, 110 S. Ct. 3265.

There is nothing more that need be said upon this matter.

We reverse and remand having determined that the circuit court of Cook County has jurisdiction to hear this case.

Reversed and remanded.

RIZZI and TULLY, JJ., concur.

---

[3]Prior to the United States Supreme Court memorandum opinion, Connecticut (*Ted's Tire Service Inc. v. Chevron U.S.A. Inc.* (D. Conn. 1979), 470 F. Supp. 163); New York (*Pennzoil Co. v. Carlson* (1990), 158 A.D.2d 206, 558 N.Y.S.2d 754; *Sun Refining & Marketing Co. v. D'Arpino* (S.D.N.Y. 1986), 112 F.R.D. 668); Maine (*C.N. Brown Co. v. Gillen* (Me. 1990), 569 A.2d 1206); and Oregon (*Wirkkula v. Union Oil Co.* (1990), 100 Or. App. 219, 785 P.2d 372) determined that State courts had concurrent jurisdiction in PMPA litigation. On the other hand, California, before *O'Riley* (*Rustom v. Atlantic Richfield Co.* (C.D. Cal. 1985), 618 F. Supp. 210; *Niakan v. Samaan* (1988), 199 Cal. App. 3d 716, 245 Cal. Rptr. 24), and Pennsylvania (*Johnson v. Mobil Oil Corp.* (1989), 522 Pa. 105, 560 A.2d 124) held the Federal courts to be the exclusive forum for determination of causes of action under PMPA.