## Swarmer v. Mitchell

C.P. of Berks County, no. 97-3063.

*Ronald E. Cirba* and *Lee E. Sapira*, for plaintiff.
*Brett A. Huckabee*, for defendant Mitchell.
*John W. Roland*, for defendants Green and Albright College.

STALLONE, *J.*, August 26, 1997—This action arises out of a claim by the plaintiff, Tammy L. Swarmer, that defendant, Miguel Mitchell, a former chemistry professor at defendant, Albright College, engaged in sexual harassment and discrimination toward her. The plaintiff is a student at defendant Albright College. Defendant Ronald Green is the Academic Dean and Vice-

President of Academic Affairs at defendant Albright College whom the plaintiff has named as a defendant on the basis that he allegedly "trivialized" the whole situation by his comments to the plaintiff about it. The plaintiff has also named Albright College as a defendant on the basis that it did not take sufficient disciplinary action against either Doctor Mitchell or Doctor Green and it did not publicize the results of its investigation or any disciplinary action taken against either Doctor Mitchell or Doctor Green.

The plaintiff asserts the following causes of action against the defendants in her amended complaint:[1]

Count 1—Sex discrimination in violation of title IX of the United States Code by defendant Albright College;

Count 2—Battery by defendant Miguel Mitchell;

Count 3—Assault by defendant Miguel Mitchell;

Count 4—Intentional infliction of emotional distress by defendant Miguel Mitchell;

Count 5—Negligent infliction of emotional distress by defendant Miguel Mitchell;

Count 6—Intentional infliction of emotional distress by defendant Ronald Green;

Count 7—Negligent infliction of emotional distress by defendant Ronald Green; and

Count 8—Vicarious liability of defendant Albright College for alleged title IX violations and tortious conduct by defendants Miguel Mitchell and Ronald Green.[2]

---

1. The plaintiff filed this amended complaint in response to preliminary objections filed by all of the defendants to her original complaint.

2. In response to preliminary objections filed by defendant Miguel Mitchell, the plaintiff has withdrawn Count 9 of her complaint in which she claimed that the three named defendants engaged in a civil conspiracy to deprive her of her civil rights under title IX in violation of title 42, 42 U.S.C. §1983 (Supp. 1997).

Defendants Ronald Green and Albright College have filed preliminary objections to the plaintiff's amended complaint claiming that:

(1) Count 1 should be dismissed for lack of subject matter jurisdiction inasmuch as such a claim can only be brought in federal court and not in state court; and

(2) The plaintiff has failed to state legally cognizable claims for relief against the defendants in Counts 1, 6, 7 and 8.

We shall address each of the moving defendants' arguments seriatim.

They first contend that this court lacks subject matter jurisdiction over the plaintiff's title IX claim contained in Count 1. We disagree. At the outset, we note that the Courts of Common Pleas of Pennsylvania are courts of "unlimited original jurisdiction except as may otherwise be provided by law." Pennsylvania Constitution, Article 5, Section 4. Accordingly, there is a presumption under Pennsylvania law that state courts have concurrent jurisdiction with federal courts over actions arising under a federal statute unless federal law provides otherwise. *Johnson v. Mobil Oil Corporation*, 522 Pa. 105, 560 A.2d 124 (1989). Here, the defendants have failed to provide this court with any authority showing that "federal law provides otherwise" for the plaintiff's title IX claim in Count 1.

Defendants also make a second, related argument that plaintiff cannot pursue a private title IX claim in this state court because a private title IX claim already exists for her in the federal court. Again we must disagree. Although the cases that the defendants cite in support of this argument clearly demonstrate that the federal courts have recognized a private cause of action under title IX for plaintiffs in federal court, the federal courts did not hold in those cases that a plaintiff is

thereby precluded from asserting such a claim in state court. Without clear authority provided by the defendants to do so, we will not dismiss the plaintiff's title IX claim for this reason, particularly at this preliminary stage of the proceedings.

The defendants next contend that the plaintiff has failed to state a claim upon which relief can be granted in Counts 1, 6, 7 and 8 of the amended complaint. Without further discussion, we agree with the defendants' arguments relative to Counts 1, 6 and 7 and will grant leave to the plaintiff to amend them. However, the defendants' argument relative to Count 8 requires further analysis.

The issue relative to Count 8 is whether, even assuming *arguendo* that the plaintiff has a cognizable claim for sexual harassment and discrimination against defendants Miguel Mitchell and Ronald Green, defendant Albright College can be held vicariously liable for their conduct. Under Pennsylvania law, a principal can be held liable for the tortious or negligent conduct of its agent if it can be established that the agent was acting within the scope of his or her employment or apparent authority. *Atkinson v. Haug,* 424 Pa. Super. 406, 622 A.2d 983 (1993). If, however, an agent acts in his or her own interest and commits a tortious act on his own behalf in a matter which is beyond the scope of his employment, the principal cannot be held liable for the agent's tortious act as long as the principal does not derive any benefit from that tortious act. *Id.* at 411, 622 A.2d at 986.

In this court's opinion, there is no doubt that, even assuming *arguendo* that the plaintiff can establish the alleged misconduct set forth in her amended complaint

at trial by the preponderance of the credible evidence, defendants Miguel Mitchell and Ronald Green could not, as a matter of law, be found to have been acting within the scope of their employment.[3]

Furthermore, in *Rosa H. v. Sam Elizario Independent School District*, 106 F.3d 648 (5th Cir. 1997), the Fifth Circuit Court of Appeals made it clear that an educational institution can be held liable for "teacher-student" sexual harassment only under very limited circumstances which are not present here:

"We hold that a school district can be liable for teacher-student sexual harassment under title IX only if a school official who had actual knowledge of the abuse was invested by the school board with the duty to supervise the employee and the power to take action that would end such abuse and failed to do so. This inquiry circumscribes those school employees in the chain of command whom the school board has appointed to monitor the conduct of other employees and, as distinguished from reporting to others, remedy the wrongdoing themselves. At the same time, it locates the acts of subordinates to the board at a point where the board's liability and practical control are sufficiently close to reflect its intentional discrimination. It does so by omitting the bulk of employees, such as fellow teachers, coaches, and janitors, unless the district has assigned

3. In addition thereto, on pages 26 and 27 of her brief of argument in opposition to the defendants' preliminary objections, the plaintiff makes reference to section 317 of the Restatement (Second) of Torts claiming the negligent hiring, supervision and retention of employees Miguel Mitchell and Ronald Green. However, the plaintiff makes no such claim anywhere in her amended complaint against defendant Albright College.

them both the duty to supervise the employee who has sexually abused a student and also the power to halt the abuse."

Accordingly, we conclude that defendant Albright College cannot be held vicariously liable even assuming that the plaintiff prevails at trial on her sexual harassment and discrimination claim against defendants Miguel Mitchell and Ronald Green.

And so, in accordance with the foregoing, we enter the following attached order.

## ORDER

And now, August 26, 1997, after hearing oral argument on the defendants' preliminary objections to the plaintiff's amended complaint, it is hereby ordered as follows:

(1) The preliminary objections to Count 2 of the amended complaint in the nature of a motion to dismiss for lack of subject matter jurisdiction are overruled;

(2) The preliminary objections in the nature of a demurrer to Counts 1, 6 and 7 of the amended complaint are sustained and the plaintiff shall have 30 days from the date of this order to file a second amended complaint relative to these counts. It is suggested to the plaintiff that, when she does so, she plead her causes of action in separate counts against separate individuals with specificity and not merely incorporate prior paragraphs into these counts relating to either different theories for recovery and/or different defendants; and

(3) The preliminary objections in the nature of a demurrer to Count 8 are sustained and said count is hereby dismissed with prejudice.